UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DANIELLE HERBERT,

ECF CASE

Index No. 08-7892 (PGG)

- against-

VERIFIED COMPLAINT

THE CITY OF NEW YORK,             Jury Trial Demanded
NEW YORK CITY BOARD OF EDUCATION,
NEW YORK CITYDEPARTMENT OF EDUCATION,
and SHANIQUIA L. SINGLETARY-DIXON,

------------------------------------------------------------------X

     Plaintiff, **DANIELLE HERBERT,** by and through her attorneys, **ILANA L.**

**DEUTSCH, ESQ.,** complains as follows:

## I.   PRELIMINARY STATEMENT

1.    Plaintiff brings this action to recover monetary and affirmative relief based upon

Defendant's violations of (1) Title VII of the Civil Rights Act of 1964 as amended,

("Title VII"), 42 U.S.C. §2000e *et seq.*, (2) New York State Human Rights Law,

Executive Law §290 *et seq.* ("NYSHRL"),  (3) New York City Human Rights Law (4)

N.Y. Education Law (5) N.Y. Civil Service Law and other appropriate rules regulations,

statutes and ordinances, and other appropriate rules, regulations, statutes and ordinances.

## II.   JURISDICTION AND VENUE

2.    This court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3)., and 28

U.S.C. §§1331, 1337 and 1367. This Court has jurisdiction over all state law claims

brought in this action pursuant to 28 U.S.C. § 1367.

3.    This action properly lies in the United States District Court for the Southern District of

New York, pursuant to 28 U.S.C. §1391 because the statutory violations and unlawful

retaliatory practices occurred within this district.

4. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

5. Plaintiff filed a timely Notice of Claim within ninety (90) days of the aggrieved violations. A true and accurate copy of which is attached hereto as "Exhibit A."

6. Plaintiff filed a timely charge of discrimination with the EEOC and received a Notice of the Right to Sue letter dated June 25, 2008, a true and accurate copy of which is attached as Exhibit "B".

### III.   PARTIES

7. Plaintiff, **DANIELLE HERBERT** ("Herbert"), is and was at all times relevant herein, a domiciliary of the State of New York residing in the County of Bronx.

8. At all times relevant herein, Plaintiff has been a "person" within the meaning of 42 U.S.C. §1983, 42 U.S.C. §1985, 42 U.S.C. §1986.

9. At all relevant times herein, Plaintiff has been a "employee" within the meaning of the Education Law and an "employee" within the meaning of the Civil Service Law.

10. Upon information and belief, Defendant **THE CITY OF NEW YORK** ("City") is a municipal corporation organized under the laws of the State of New York and is located in New York, New York.

11. Upon information and belief, **NEW YORK CITY BOARD OF EDUCATION** ("Board") is a municipal corporation organized under the laws of the State of New York and is located in New York, New York and is a Board of Directors of the New York City School District.

12.   Upon information and belief, **NEW YORK CITY DEPARTMENT OF EDUCATION**
      ("DOE") is a municipal corporation organized under the laws of the State of New York
      and is located in New York, New York.

13.   Upon information and belief, Defendant **SHANIQUIA L. SINGLETARY-DIXON**
      ("Singletary") is an individual and a Principal within the Sojourner Truth School, a
      School under the mandate of the DOE.

## IV. BACKGROUND FACTS

14. Herbert is a forty (40) year-old female.

15. In or about September 1999, Danielle Herbert (hereinafter "Herbert") began employment
    with the New York City Department of Education as a Special Education Teacher.

16. During the 1999-2000 academic year, Herbert possessed a "Special Education License"
    and taught under same.

17. Herbert was offered a position as a General Teacher with the DOE for the 2000-20001
    academic year and accepted the position.

18. Herbert maintained a position as a General Teacher from 2000-2004, wherein, she was
    offered the position as a Literacy Coach with the DOE by Shaniquia Singletary
    (hereinafter "Singletary"). Herbert accepted this position for the 2004-2005 academic
    year.

19. On or about February 1, 2004, Herbert was issued her General Education License. At
    that time, Herbert's status remained that she was teaching under a Special Education
    License.

20. At the close of the 2004-2005 academic year, Hebert was approached by Singletary and was asked to secure New York State Certification as a School Administrator/Supervisor. Once Hebert obtained this certification from the College of St. Rose she was offered the position as Assistant Principal, a promotion, within the DOE by Singletary.

21. Beginning in August, 2005, Herbert was employed as an Assistant Principal of the Sojourner Truth School, P.S. 149 in Harlem, New York. Singletary was the Principal of the Sojourner Truth School.

22. Throughout her employment Herbert performed her duties as an Assistant Principal satisfactorily and with positive annual reviews.

23. In or about the 2006-2007 Academic Year, Singletary began asking Herbert to punch Singletary's time card in at the School early in the morning, sometime between 6:00 to 6:15 a.m., before Singletary would arrive on the premises. Herbert expressed her reservations about "cheating the system" and declined to assist Singletary. Singletary's attitude towards Herbert changed dramatically.

24. In or around September, 2007, Herbert found out that she was pregnant and due to give birth in April, 2008.

25. In or around October, 2007, Herbert was told by her Doctor that she was suffering from blood clots, which resulting in swelling in her leg, a noticeable condition.

26. Herbert's Doctor prescribed her Lovenox, a medication to be injected by Herbert two times each day throughout her pregnancy to prevent the blood clots from forming.

27. In or around October, 2007, Herbert told Principal Singletary that she was pregnant and that she would have to excuse herself on a regular basis to inject Lovenox, as per her Doctor's orders.

28. In or around November, 2007, other employees of the Respondent Sojourner Truth School started warning Herbert that becoming pregnant would be a problem for Singletary, the School Principal and that she was a "jealous person" and "did not want people to be happy."

29. In or around November, 2007, a maintenance employee of the Sojourner Truth School, Eddie Sneed, advised Herbert that Singletary had been telling people that she wanted Herbert out of the school and that single mother's were a bad example for the students.

30. In or around November, 2007, Singletary requested that Herbert go for a walk around the block with her, when it was dark outside, to discuss her pregnancy. Singletary said to Herbert "People who you think are your friends aren't."

31. Singletary was constantly and inappropriately inquiring of Herbert the identity of the father.

32. On or about November 7, 2007, Herbert was disciplined for an alleged "inappropriate conversation" with a parent of one of the children in P.S. 149. This event was inaccurately portrayed, as the parent initiated an inappropriate conversation, which was dealt with by Herbert and steered back on course in a professional and appropriate manner. No investigation was performed by Singletary into the parent's allegations.

33. In or about the beginning of December 2007, Herbert was walking in the hallway of the Sojourner Truth School, alongside Singletary. They paused outside the office of the then Business Manager, Katina Williams (hereinafter "Williams"). Williams was conducting a phone conversation with a relative and was discussing that Singletary had forced her to appropriate school funds and forge School and DOE documents for Singletary's personal financial gain. At the time Herbert overheard this conversation, Singletary was standing

immediately next to her.  Singletary would have heard the same conversation that Herbert heard and had the knowledge that Herbert was privy to the information discussed by Williams.

34. In or about the end of December, Herbert wrote a letter to the Office of Special Investigations (hereinafter "OSI"), informing them that Singletary was misappropriating school funds and forging financial documents.  Herbert was interviewed several times regarding Singletary's conduct, in person, by OSI, once just a few blocks from the Sojourner Truth School at a coffee shop that is frequented by employees of the School. Herbert also gave OSI sworn testimony against Singletary's conduct.

35. Upon information and belief, Singletary is currently under investigation.

36. On or about January 10, 2008, Herbert felt ill and was told by Singletary "you never leave early, why don't you go home and rest."  Herbert did go home on that day and remained home on January 11, 2008 at Singletary's direction.

37. On or about January 14, 2008, Singletary wrote  four (4) separate disciplinary charges against Herbert for alleged incidents that took place in December, 2007.  The charges were uncorroborated, pretextual and did not occur as stated in the write-ups.  No investigation was conducted by Singletary.

38. Upon information and belief, the four (4) disciplinary charges filed against Herbert in January 2008 by Singletary were motivated, at least in part, by pregnancy discrimination and/or retaliation for Herbert reporting her findings to OSI about Singletary.

39. On or about February 15, 2008, and as a result of the disciplinary charges Singletary filed against Herbert, Herbert was demoted to the position of Teacher and removed from the Sojourner Truth School.  Herbert was seven (7) months pregnant.

40. Herbert filed a grievance with the assistance of a union representative through the DOE and received a hearing date on or about June 25, 2008 as to the validity of the four (4) disciplinary charges, wherein the decision of the Superintendent and Singeltary were affirmed.

41. Herbert's salary as an Assistant Principal was $95,000 and as a result of this demotion Herbert's salary was significantly reduced.

42. On or about June 25, 2008, Herbert was terminated from the DOE due to a clerical error in the DOE. The DOE had Hebert incorrectly listed as a Teacher under her Special Education License, which was set to expire in June, 2008. The DOE represented to Herbert that the only individual possessing the power to correct the clerical error is Singletary.

43. Herbert currently possesses a valid New York State General Education License and is eligible to maintain the position of Teacher with the DOE.

44. As of the date of this complaint, Singletary has not corrected the clerical error, which would allow Herbert to continue working at the DOE as a General Teacher with years of experience.

45. Upon information and belief, Plaintiff Herbert was discriminated against on the basis of her pregnancy by demoting her and decreasing her salary under the pretext of Hebert's alleged misconduct while Assistant Principal.

46. Upon information and belief, Plaintiff Hebert was retaliated against in her demotion and eventual termination on the basis of her reporting Singletary to OSI under the pretext of Hebert's alleged misconduct while Assistant Principal.

## V. CLAIMS FOR RELIELF
### (TITLE VII – Pregnancy Discrimination)

47.  Plaintiff repeats and realleges each and every allegation contained herein.

48.  Defendant violated the Pregnancy Discrimination Act of Title VII by discriminating against Plaintiff on the basis of her pregnancy inasmuch as Defendant engaged in a course of conduct, as stated above which collectively resulted in Plaintiff's demotion, reduction in salary and eventual termination.

49.  As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of compensation, all to Plaintiff's damage in an amount to be determined at trial.

50.  As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

51.  Defendant's conduct was done in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to an award of compensatory and punitive damages to be determined at trial.

### SECOND CLAIM FOR RELIEF
### (NYSHRL – Gender and Pregnancy Discrimination)

52.  Plaintiff repeats and realleges each and every allegation contained herein.

53.  Defendant violated the New York State Human Rights Law, Executive Law §296 by discriminating against Plaintiff on the basis of her gender and pregnancy inasmuch as Defendant engaged in a course of conduct, as stated above which collectively resulted Plaintiff's demotion, reduction in salary and eventual termination.

54.    As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of compensation, all to Plaintiff's damage in an amount to be determined at trial.

55.    As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

56.    Defendant's conduct was done in conscious disregard of Plaintiff's rights.    Therefore, Plaintiff is entitled to an award of compensatory damages to be determined at trial.

### THIRD CLAIM FOR RELIEF
(NYCHRL – Gender and Pregnancy Discrimination)

57.    Plaintiff repeats and realleges each and every allegation contained herein.

58.    Defendants violated the New York City Human Rights Law, by discriminating against Plaintiff on the basis of her gender and pregnancy inasmuch as Defendant engaged in a course of conduct, as stated above which collectively resulted Plaintiff's demotion, reduction in salary and eventual termination.

59.    As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of compensation, all to Plaintiff's damage in an amount to be determined at trial.

60.    As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

61.   Defendant's conduct was done in conscious disregard of Plaintiff's rights.   Therefore, Plaintiff is entitled to an award of compensatory damages to be determined at trial and attorney's fees.

## FOURTH CLAIM FOR RELIEF
(N.Y. Civil Service Law §75 - Retaliation)

62.   Plaintiff repeats and realleges each and every allegation contained herein.

63.   Defendants violated the Civil Service Law, by retaliating against Plaintiff, a public employee, on the basis of her report to OSI, a governmental body, as to Defendant Singletary's illegal alleged course of conduct, in Singletary's capacity as Principal and school representative of the DOE, such conduct being improper governmental action, which Plaintiff believed to be true, and collectively resulted in alleged pretextual disciplinary charges against Plaintiff and Plaintiff's demotion, reduction in salary and eventual termination.

64.   As a proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer substantial loss of compensation, all to Plaintiff's damage in an amount to be determined at trial.

65.   As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

66. Defendant's conduct was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of compensatory damages to be determined at trial and attorney's fees.

## FIFTH CLAIM FOR RELIEF
(N.Y. Education Law §3028-d - Retaliation)

67. Plaintiff repeats and realleges each and every allegation contained herein.

68. Defendants violated the Education Law §3028-d, by retaliating against Plaintiff, an employee within the DOE, on the basis of her report to OSI as to Defendant Principal Singletary's illegal alleged course of conduct dealing with the misappropriation of school funds and the forging of financial documentation of the Sojourner Truth School and its financial practices, which Plaintiff believed to be true, which collectively resulted in alleged pretextual disciplinary charges, Plaintiff's demotion, reduction in salary and eventual termination.

69. As a proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer substantial loss of compensation, all to Plaintiff's damage in an amount to be determined at trial.

70. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages, all to Plaintiff's damage in an amount to be determined at trial.

71.   Defendant's conduct was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of compensatory damages to be determined at trial and attorney's fees.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff demands judgment:

a.   Declaring Defendant violated aforementioned statutes;

b.   Issuing a permanent injunction enjoining Defendant, its agents, employees, officers, and successors in interest, and those acting in concert with Defendant, from engaging in the illegal and unlawful customs, policies, and practices described herein;

c.   Defendant be ordered to pay Plaintiff compensatory and punitive damages, where applicable, in an amount to be determined at trial;

d.   Defendant be ordered to compensate, reimburse and make Plaintiff whole in the form of back pay, front pay and all benefits which he would have been afforded but for said discrimination and/or retaliation in an amount to be determined at trial;

e.   Defendant be ordered to Reinstate Plaintiff to a position with the DOE;

f.   With regard to all claims for relief, Defendant be ordered to pay Plaintiff pre- and post- judgment interest;

g.   With regard to all claims for relief, Defendant be ordered to pay the costs and disbursements of this action, including reasonable attorney's fees.

h.   For such other and further relief as may be just and proper.

Dated: Great Neck, New York
      August 29, 2008

Ilana L. Deutsch, Esq. (ID 7327)
353 Veterans Memorial Highway
Suite 210
Commack, New York 11725
(631) 543-3663 x123

## VERIFICATION

STATE OF NEW YORK     )
                             )ss:
COUNTY OF NASSAU     )

**DANIELLE HERBERT**, being duly sworn, states that she is the Plaintiff herein and that she has read the foregoing COMPLAINT and the information within said Complaint is true to the best of her knowledge, and as for the allegations on information and belief, she believes them to be true.

**DANIELLE HERBERT**

Sworn to before me
this   day of August, 2008

NOTARY PUBLIC

ANNETTE M. O'NEIL
NOTARY PUBLIC, STATE OF NEW YORK
No. 01ON6068774
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES JAN. 14, 20 10

12

# EXHIBIT A

```
-----------------------------------------------------------X
```
In The Matter of the Claim of

**DANIELLE HERBERT,**

                                                              **NOTICE OF CLAIM**

      **- against-**

**THE SOJOURNER TRUTH SCHOOL P.S. 149,**
**THE CITY OF NEW YORK,**
**THE COMPTROLLER OF THE CITY OF NEW YORK,**
**NEW YORK CITY BOARD OF EDUCATION,**
**and SHANIQUIA L. SINGLETARY,**

```
-----------------------------------------------------------X
```

TO:    THE SOJOURNER TRUTH SCHOOL
        41 W. 117th Street
        New York, New York 10026

        BOARD OF EDUCATION FOR THE
        CITY OF NEW YORK
        508 W. 153rd Street
        New York, NY 10031

        CITY OF NEW YORK
        DEPARTMENT OF EDUCATION
        52 Chambers Street
        New York, New York 10007

        THE COMPTROLLER OF THE CITY OF NEW YORK
        Municipal Building - Room 1225
        1 Centre Street
        New York, New York 10007

        SHANIQUIA L. SINGLETARY
        41 W. 117th Street
        New York, New York 10026

      PLEASE TAKE NOTICE, that Danielle Herbert has a claim and hereby makes claim against the above named Respondents for damages due to the careless, negligent and deliberate acts and omissions of the aforesaid municipality, its officers, agents, servants, employees, board members, and in conspiracy with others, and in support thereof Claimant states:

1

1. The Claimant's address is 3201 Grand Concourse Apt #3G, Bronx, New York 10468

2. The name of the attorneys for the Claimant is, Ilana L. Deutsch, Esq., and the post office address of such attorneys is 353 Veterans Memorial Highway, Suite 210, Commack, New York 11725, and their telephone number is (631) 543-3663.

3. The claim of Danielle Herbert against the aforesaid municipality, its officers, employees and agents is for damages for pain and suffering, emotional distress, damage to reputation, demotion, loss of employment and job advancement, salary and benefits, legal fees, and other damages sustained by reason of their wrongful, illegal, discriminatory, deliberate and/or negligent and careless acts and omissions including intentional infliction of emotional distress, pregnancy discrimination, wrongful demotion, retaliation and conspiracy to injure Claimant in her employment, good name and reputation in violation of her civil rights as protected by (1)42 U.S.C. §1983 (2) Title VII of the Civil Rights Act of 1964 (3) 42 U.S.C. §1985 and 1986 (4) New York State Human Rights Law (5) New York City Human Rights Law (6) Education Law (7) intentional infliction of emotional distress. Claimant is entitled to legal fees as well as compensatory, punitive and emotional damages.

4. Upon information and belief, the time when the claims arose and the time when the injuries and damages were sustained was approximately on February 15, 2008 when Claimant was demoted from her employment as an Assistant Principal to a teacher with the New York Board of Education.

5. The manner in which the claim arose and the circumstances under which the damages were sustained was as follow:

   At all times mentioned herein Claimant was the Assistant Principal of the Sojourner Truth School in Harlem, New York. In or around September, 2007, she found out about her pregnancy and is due in April, 2008. In or around October, 2007, claimant told Principal Singletary of her pregnancy. In or around November, 2007, other employees of the Respondent Sojourner Truth School started warning claimant that becoming pregnant would be a problem for Ms. Singletary, the School Principal and she was advised that Ms. Singletary had been telling people that she wanted claimant out of the school. In or around November, 2007, Ms. Singletary requested that claimant go for a walk around the block with her, when it was dark outside, to discuss her pregnancy. Singletary told claimant that "People who you think are your friends aren't." At around the same time claimant overheard the Business Manager of the school state to another individual that Principal Singletary had been forcing her to steal money from school funds. Principal Singletary was standing next to claimant during this conversation and had knowledge that claimant knew of her misappropriating funds. On or about November 7, 2007, claimant was disciplined for an alleged "inappropriate conversation" with a parent, which never took place. On

2

or about January 7, 2008, Ms. Singletary again wrote disciplinary charges against claimant for incidents that took place in December, 2007. All charges were uncorroborated and pretextual. Claimant had never been disciplined until Ms. Singletary learned of her pregnancy and when claimant learned of the Principal's wrongdoings and threatened to report her. As a result of the disciplinary charges filed by Ms. Singletary, Claimant was demoted as of February 15, 2008 to the position of Teacher.

PLEASE TAKE FURTHER NOTICE that Claimant demands payment of the respective claims and notifies you that unless the same is adjusted and paid within thirty (30) days from the date of its presentation to you, it is the intention of the undersigned to commence an action in the United States District Court for the Southern District of New York to recover the above sums with costs and disbursements and legal fees.

Dated: Commack, New York
      April 17, 2008

Ilana L. Deutseh, Esq.
Attorney for Claimant
353 Veterans Memorial Highway, Ste 210
Commack, New York 11725
Tel: (631) 543-3663

3

STATE OF NEW YORK )
) SS:
COUNTY OF NEW YORK )

DANIELLE HERBERT, being duly sworn deposes and says:

That she is the Claimant herein, that she has read the foregoing claim and knows the contents thereof; that the same is true to her knowledge except as to those matters therein alleged upon information and belief and as to those matters she believes them to be true.

Danielle Herbert

Sworn to before me this
17th day of April, 2008.

Notary Public

CALVIN ALLEN NELSON, JR
Notary Public - State of New York
NO. 01NE6102610
Qualified in Bronx County
My Commission Expires

4

# EXHIBIT B

EEOC Form 161 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Danielle Herbert<br>3201 Grand Concourse, Apt. 3g<br>Bronx, NY 10468 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2008-02280 | William Lai,<br>Supervisory Investigator | (212) 336-3676 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Spencer H. Lewis, Jr.,
Director

6/25/08
(Date Mailed)

cc:

Robin Singer
Associate Counsel
NYC DEPARTMENT OF EDUCATION
52 Chambers Street, Room 308
New York, NY 10013

Illana L. Esq., Deutsch
353 Veterans Highway
Suite 210
Commack, NY 11725