UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DANIELLE HERBERT,

                                             Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
BOARD OF EDUCATION, NEW YORK CITY
DEPARTMENT OF EDUCATION, and SHANIQUIA
SINGLETARY-DIXON,

                                             Defendants.

------------------------------------------------------------------- x

**DEFENDANTS' ANSWER TO THE COMPLAINT**

08 CV 7892 (PGG)

      Defendants The City of New York, New York City Board of Education (doing business as and sued herein as the Department of Education ("DOE"), New York City Department of Education, and Shaniquia Singletary-Dixon, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

      1.      Deny the allegations set forth in paragraph "1" of the Complaint.

      2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

      3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that the venue of this Court is proper.

      4.      Deny the allegations set forth in paragraph "4" of the Complaint and respectfully refer the Court to 28 U.S.C. §§ 2201 and 2202 for a complete and accurate statement of their contents.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff filed a Notice of Claim dated April 17, 2008, and respectfully refer the Court to the exhibit referenced therein for a complete and accurate statement of its contents.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff filed a charge of discrimination against the defendants with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC issued a Notice of Right to Sue letter, dated June 25, 2008 and respectfully refer the Court to the exhibit referenced therein for a complete and accurate statement of its contents.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny the truth of the allegations set forth in paragraph "8" of the Complaint except admit that plaintiff is a person.

9. Deny the truth of the allegations set forth in paragraph "9" of the Complaint except admit that plaintiff was formerly employed by the DOE.

10. Admit the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint and respectfully refer the Court to Article 52A of the New York State Education Law for a statement setting forth the function of the DOE.

12. Deny the allegations set forth in paragraph "12" of the Complaint and respectfully refer the Court to Article 52A of the New York State Education Law for a statement setting forth the function of the DOE.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that defendant Shaniquia Singletary-Dixon ("Singletary-Dixon") is the principal of the Sojourner Truth School, P.S. 149, a public school within the DOE.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, expect admit that plaintiff commenced employment with DOE on or about September 7, 1999, under her special education license.

16. Admit the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that plaintiff commenced service as a full-time teacher on September 4, 2001.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that plaintiff served as a full-time teacher from 2001 to 2004, that plaintiff was offered a position as a Literacy Coach with the DOE by Principal Singletary-Dixon for the 2004-2005 school year at P.S. 149, and that plaintiff accepted such position.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, except admit that plaintiff was teaching under a Special Education License.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiff was offered the supervisory position of assistant principal within the DOE.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that beginning in August 2005, plaintiff was employed as a probationary assistant

principal, assigned to the Sojourner Truth School, P.S. 149, located in Harlem, New York, and that defendant Singletary-Dixon was the principal of the Sojourner Truth School.

   22. Deny the allegations set forth in paragraph "22" of the Complaint.

   23. Deny the allegations set forth in paragraph "23" of the Complaint.

   24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

   25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

   26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

   27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that in October, 2007, plaintiff told defendant Singletary-Dixon that she was pregnant.

   28. Deny the allegations set forth in paragraph "28" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of what plaintiff allegedly was told by other employees.

   29. Deny the allegations set forth in paragraph "29" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of what plaintiff allegedly was told by Eddie Sneed.

   30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that plaintiff and defendant Singletary-Dixon took a walk together in or around November, 2007.

   31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that a letter from Principal Singletary-Dixon, dated November 7, 2007, addressed plaintiff's unprofessional conversation on November 6, 2007, with a parent of a student enrolled at P.S. 149, and respectfully refer the Court to a copy of such letter, dated November 7, 2007.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint, except admit that on or about January 10, 2008, Principal Singletary-Dixon suggested plaintiff go home and rest.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that by letters dated January 7, 2008, Principal Singletary-Dixon notified plaintiff of her unsatisfactory conduct as assistant principal, that such conduct had resulted in plaintiff's unsatisfactory rating, and necessitated a recommendation for discontinuance of plaintiff's probationary service, and respectfully refer the Court to such letters, dated January 7, 2008.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit that on February 15, 2008, plaintiff's services as a probationary assistant principal at Sojourner Truth School were discontinued due to her unsatisfactory service, and deny knowledge or information sufficient to form a belief as to the truth of whether plaintiff was seven months pregnant.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint, except admit that a review of plaintiff's discontinuance was held in accordance with the provisions of Section 4.3.2 of the Bylaws of the DOE on June 25, 2008, and that the decision of the superintendent was affirmed.

41. Deny the allegations set forth in paragraph "41" of the Complaint, except admit that plaintiff's salary as assistant principal was $94,933.00.

42. Deny the allegations set forth in paragraph "42" of the Complaint, except admit that on or about June 25, 2008, plaintiff was terminated from the DOE

43. Deny the allegations set forth in paragraph "43" of the Complaint, except admit upon information and belief that plaintiff holds a New York State General Education License that expires on or about January 31, 2009.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in the subheading immediately preceding paragraph "47" of the Complaint, and in response to paragraph "47" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "46 of the Complaint, as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in the subheading immediately preceding paragraph "52" of the Complaint, and in response to paragraph "52" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "51" of the Complaint, as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in the subheading immediately preceding paragraph "57" of the Complaint, and in response to paragraph "57" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "56" of the Complaint, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in the subheading immediately preceding paragraph "62" of the Complaint, and in response to paragraph "62" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "61" of the Complaint, as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in the subheading immediately preceding paragraph "67" of the Complaint, and in response to paragraph "67" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "66" of the Complaint, as if fully set forth herein.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

### FOR A FIRST DEFENSE

72. The Complaint fails to state a claim upon which relief may be granted.

### FOR A SECOND DEFENSE

73. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### FOR A THIRD DEFENSE

74. At all times relevant to the acts alleged in the Complaint, defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, without malice and for legitimate non-discriminatory, non-retaliatory business reasons.

### FOR A FOURTH DEFENSE

75. Plaintiff has commenced a proceeding against defendant DOE, pursuant to Article 78 of the New York Civil Practice Law and Rules, in New York State Supreme Court, New York County, challenging, *inter alia*, the discontinuance of her probationary services. To date, that proceeding is still pending. Accordingly, claims within the Complaint may be barred,

in whole or in part, by the doctrines of claim preclusion, issue preclusion, *res judicata*, collateral estoppel, judicial estoppel or any combination of these doctrines.

### FOR A FIFTH DEFENSE:

76. Plaintiff's claims may be barred in whole or in part, by the applicable statutes of limitations.

### FOR A SIXTH DEFENSE:

77. Any allegations pursuant to Title VII that are based on conduct that occurred more than 300 days before plaintiff filed her charge of discrimination with the United States Equal Employment Opportunity Commission are time-barred.

### FOR AN SEVENTH DEFENSE:

78. To the extent that plaintiff seeks an award of front pay, plaintiff has failed to mitigate her damages.

### FOR A EIGHTH DEFENSE:

79. At all times relevant to the acts alleged in the Complaint, defendants acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to plaintiff were undertaken for legitimate, nondiscriminatory business reasons.

### FOR A NINTH DEFENSE:

80. Plaintiff may not recover punitive damages from defendants.

### FOR A TENTH DEFENSE:

81. Any damages allegedly sustained by plaintiff were caused by her culpable and/or negligent conduct.

WHEREFORE, defendants respectfully request that this Court enter an Order dismissing the Complaint in its entirety, denying all relief requested therein, entering judgment for defendants and granting defendants costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         December 24, 2008

        **MICHAEL A. CARDOZO**
        Corporation Counsel of the
          City of New York
        Attorney for Defendants
        100 Church Street, Room 2-169
        New York, New York 10007
        (212) 788-0407
        mleighto@law.nyc.gov

By: _____
     Maxwell D. Leighton
     Assistant Corporation Counsel

To:   Ilana L. Deutsch, Esq.
      Attorney for Plaintiff
      11 Middle Neck Road, Suite 310
      Great Neck, New York 11021

08 CV 7892 (PGG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIELLE HERBERT,

                          Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY BOARD OF EDUCATION, NEW YORK CITY DEPARTMENT OF EDUCATION, and SHANIQUIA SINGLETARY-DIXON,

                          Defendants.

## DEFENDANTS' ANSWER TO THE COMPLAINT

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-169
New York, N.Y. 10007-2601

Of Counsel: Maxwell D. Leighton
Tel: (212) 788-0407

Matter No. 2008-034147

*Due and timely service is hereby Admitted.*

New York, N.Y. .................................... 200....

....................................................

Attorney for ....................................