# EXHIBIT "6"

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: HON. CAROL [EDMEAD]
Justice

PART 35

Index Number: 114194/2008

HERBERT, DANIELLE
VS.
THE CITY OF NEW YORK
SEQUENCE NUMBER: # 001
ARTICLE 78

INDEX NO. 114194-08
MOTION DATE 3/24/09
MOTION SEQ. NO. 001
MOTION CAL. NO. _____

were read on this motion to/for _____

PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits _____
Answering Affidavits — Exhibits _____
Replying Affidavits _____

Cross-Motion:   ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion

The instant application and cross motion are decided in accordance with the accompanying Memorandum Decision. It is hereby

ORDERED and ADJUDGED that the application of petitioner Danielle Herbert for an order and judgment, pursuant to CPLR Article 78 (1) declaring that respondent Rosier Salavert failed to perform a duty enjoined upon her by law and was affected by an error of law, and was arbitrary and capricious or an abuse of discretion, when on July 22, 2008, she re-affirmed an earlier decision to discontinue petitioner from her probationary appointment as Assistant Principal, such reaffirmation was unrelated to her merit and fitness and was in direct contradiction to evidence and unsupported by evidence on the record and presented at a hearing conducted on or about June 22, 2008, such reaffirmation directly disregarding evidence presented at said hearing and such determination unsupported by the record; (2) directing respondent New York City and New York City Board of Education to conduct and hold a hearing adjudged by an impartial, qualified individual within the Department of Education as to petitioner's discontinuance as Assistant Principal of the Sojourner Truth School; and (3) directing DOE to reinstate petitioner as Assistant Principal within the District, is denied in its entirety; and it is further

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Dated: _____

_____ J.S.C.

Check one:   ☐ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION
Check if appropriate:   ☐ DO NOT POST   ☐ REFERENCE

ORDERED and ADJUDGED that the cross motion of respondents to dismiss the Amended Petition on the ground that said Amended Petition is untimely, and fails to state a cause of action, **is granted and the instant Petition and Amended Petition are dismissed**; and it is further

ORDERED that counsel for respondents shall serve a copy of this Order with notice of entry within twenty days of entry on counsel for petitioner.

*UNFILED JUDGMENT*
*This judgment has not been entered by the County Clerk and notice of entry cannot be served based hereon. To obtain entry, counsel or authorized representative must appear in person at the Judgment Clerk's Desk (Room 141B).*

Dated 3/26/09    ENTER: _____ J.S.C.
HON. CAROL EDMEAD

Check one: ☑ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION

Check if appropriate:   ☐ DO NOT POST   ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 35
─────────────────────────────────────────────── x
In the Matter of the Application of
DANIELLE HERBERT,

                          Petitioner,                            Index No. 811494/2008

       -against-                                        **DECISION/ORDER**

THE CITY OF NEW YORK,
NEW YORK CITY BOARD OF EDUCATION, and
ROSIER SALAVERT,

                          Respondents.
─────────────────────────────────────────────── x
EDMEAD, J.S.C.

## MEMORANDUM DECISION

Petitioner Danielle Herbert ("petitioner") moves for an order and judgment, pursuant to CPLR Article 78 (1) declaring that respondent Rosier Salavert ("Salavert") failed to perform a duty enjoined upon her by law and was affected by an error of law, and was arbitrary and capricious or an abuse of discretion, when on July 22, 2008, she re-affirmed an earlier decision to discontinue petitioner from her probationary appointment as Assistant Principal, such reaffirmation was unrelated to her merit and fitness and was in direct contradiction to evidence and unsupported by evidence on the record and presented at a hearing conducted on or about June 22, 2008, such reaffirmation directly disregarding evidence presented at said hearing and such determination unsupported by the record; (2) directing respondent New York City ("the City") and New York City Board of Education ("BOE") to conduct and hold a hearing adjudged by an impartial, qualified individual within the Department of Education ("DOE") as to petitioner's discontinuance as Assistant Principal of the Sojourner Truth School; and (3) directing DOE to reinstate petitioner as Assistant Principal within the District.

Respondents cross move to dismiss the Amended Petition on the ground that said Amended Petition is untimely, and fails to state a cause of action.

*Background*

On or about September 1999, petitioner commenced employment withe the DOE as a Special Education Teacher.

On or about August 2005, petitioner began working as a probationary Assistant Principal with the Sojourner Truth School (MS/PS 149) within the DOE. This probationary appointment was effectuated by Shaniquia Singletary-Dixon ("Singletary"), the Principal of the Sojourner Truth School.

By letter dated January 14, 2008, petitioner was notified that on February 15, 2008, Salavert would "review and consider whether [petitioner's] services as a probationary assistant principal be discontinued as of the close of business February 15, 2008." On or about February 7, 2008, petitioner's counsel submitted a letter responding to the basis for petitioner's discontinuance. By letter dated February 15, 2008, Salavert informed petitioner that "after reviewing your written response to my letter dated January 15, 2008, I reaffirm your Discontinuance of Probationary Service effective close of business February 15, 2008." Thereafter, on or about June 22, 2008, petitioner attended an "appeal hearing" reviewing the discontinuance determination. By letter dated July 22, 2008, petitioner's discontinuance was again reaffirmed by Salavert.

On or about April 24, 2008, petitioner filed a Notice of Claim pursuant to Education Law Section 3813.

On or about August 1, 2008, the City conducted a 50-H hearing pursuant to the filed

Notice of Claim.

Petitioner commenced the instant proceeding by filing a Notice of Petition on or about October 22, 2008. Thereafter, pursuant to CPLR 3025(a), petitioner served an Amended Petition, dated January 30, 2009.

*Petitioner's Contentions*

Singletary hand-picked petitioner for the position of Assistant Principal based on petitioner's displayed competence and dedication in her previous positions of Special Education Teacher, General Teacher and Literacy Coach.

The position of Assistant Principal required additional certification, for which petitioner attended the College of St. Rose, ultimately receiving her New York State Certification as a School Administrator/Supervisor in or about the Spring of 2005.

Petitioner served as Assistant Principal from 2005 to 2007 without incident, receiving positive performance reviews.

On or about 2006-2007 academic year, Singletary requested that petitioner punch-in Singletary's time cards to represent hours of work, though Singletary was not present; petitioner refused. Thereafter, Singletary's attitude to petitioner changed for the worse. At one point, petitioner send an anonymous letter to the Office of Special Investigation concerning Singletary's actions. On several occasions, petitioner met with representatives from that office.

On or about January 14, 2008, Singletary presented petitioner with four disciplinary charges and immediately discontinued petitioner from her position as Assistant Principal. On or about January 14, 2008, petitioner was suspended from her position as Assistant Principal due to excessive disciplinary write-ups.

The January 14, 2008 letter from Salavert followed.

Salavert and Singletary have a long history, professionally and socially; Salavert should have recused herself from these proceedings.

*Respondents' Contentions*

Pursuant to CPLR 217(1), an Article 78 proceeding must be commenced within four months of the final determination to be reviewed. Thus, insofar as the amended petition challenges the termination of petitioner's probationary employment and seeks an order of reinstatement and back pay, the instant proceeding, commenced on October 22, 2008, over eight months after the effective date of the termination of petitioner's probationary employment, is untimely and must be dismissed.

With respect to petitioner's failure to state a cause of action, while petitioner alleges various issues arising during her review, none of these constitutes deprivation of any substantial right of due process. Petitioner was provided precisely the review supplied under DOE's By-Laws, and thus Salavert's reaffirmation of petitioner's probationary termination, by letter dated July 22, 2008, following petitioner's Section 4.3.2 review, was not arbitrary, capricious or an abuse of discretion.

*Petitioner's Opposition to the Cross-Motion*
*and Further Support of Petition*

The manner in which respondents conducted themselves leading up to petitioner's Appeal and thereafter, should have resulted in a tolling of the statute of limitations period due to inconsistencies, ambiguities and a general aura of confusion created by the respondents as to when the statute of limitations period began to run. Further, the underlying charges issued to

-4-

petitioner which led to her suspension, recommended discontinuance and ultimate discontinuance, were alleged to have been issued in bad faith. Petitioner alleged within her Notice of Claim, and at the appeal itself, and evidence was presented that Singletary, the issuer of the disciplinary charges, issued said charges at least in part, due to discriminatory reasons based upon petitioner's pregnancy and due to retaliation for petitioner having reported Singletary for conversion of school funds. Said evidence of bad faith issuance of the disciplinary charges should have automatically called for an appeal hearing before a committee to render any decision on petitioner's discontinuance final and appealable to court via an Article 78 proceeding.

Termination letters received from the BOE create ambiguity for aggrieved probationary employees because they do not make clear whether the employees must pursue two remedies at once, the chancellor's administrative review procedure and an article 78 proceeding, or select one and forego the other. The February 15, 2008 letter did not advise petitioner that this was a final and binding determination. And, to the degree that the February 15th letter advised that petitioner's termination was immediate, it deprived petitioner of the requisite 30-day notice.

Further, the Notice of Claim filed on April 24, 2008 tolled the statute of limitations.

*Respondents' Reply*

Respondents created no ambiguities in the notices to petitioner concerning her termination. And, prior to petitioner's termination, petitioner retained counsel, who, on petitioner's behalf, submitted a letter to Salavert. Therein, petitioner's counsel notes that Salavert shortly would be determining whether "to discontinue petitioner's services as an Assistant Principal" and advances various arguments and evidence to request that Salavert "investigate further...before committing yourself to ending [petitioner's] career as an Assistant

Principal." Thus, on February 7, 2008, petitioner plainly was aware that any discontinuance determination would operate to terminate petitioner's services as an Assistant Principal on February 15, 2008.

Furthermore, to the extent that petitioner experienced any uncertainly during this period, her attorney, retained before the termination of her employment, could have advised her in accordance with the applicable law.

Analysis

*Statute of Limitations*

An article 78 proceeding must be commenced within four months after the administrative determination to be reviewed becomes "final and binding upon the petitioner" (*Yarbough v Franco*, 95 N.Y.2d 342, 717 N.Y.S.2d 79 [2000]; CPLR 217[1]; *New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 165, 573 NYS2d 25, 577 N.E.2d 16). An administrative determination becomes "final and binding" when the petitioner seeking review has been aggrieved by it. An administrative action is not final and binding within the contemplation of CPLR 217 until it "has its impact" upon the petitioner (*Bludson v Popolizio*, 166 AD2d 346, 347, 561 N.Y.S.2d 14 [Dept 1990], citing *Matter of Edmead v McGuire*, 67 NY2d 714, 716, 499 NYS2d 934, 490 NE2d 853). The Statute of Limitations does not begin to run until the petitioner receives notice of the determination *(Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834, 470 NYS2d 130, 458 NE2d 371).

A request for reconsideration does not toll or revive the statute of limitations, even when the agency reconsiders its determination or negotiates with petitioner regarding modification of the administrative decision. *Janke v Cmty. Sch. Bd. Of Cmty. Sch. Dist. No. 19*, 186 A.D.2d 190,

193, 587 N.Y.S.2d 733 (2d Dep't 1992).

On this point, the case of *Matter of Andersen v. Klein*, 50 AD3d 296 (1st Dep't 2008), is instructive. In *Anderson*, on June 8, 2004, petitioner's principal gave petitioner a year-end rating of unsatisfactory and recommended discontinuance of petitioner's probationary service. By letter dated October 29, 2004, respondent's Local Instructional Superintendent affirmed the discontinuance effective that day. The First Department held that petitioner's time to seek judicial review of the discontinuance began to run upon his receipt of the October 29, 2004 letter, and was not postponed or tolled by the administrative review completed by the same Local Instructional Superintendent on September 16, 2005 when, after considering a March 2005 report of a three-member committee designated by the Chancellor, he reaffirmed the discontinuance (*see Matter of Frasier v Board of Educ. of City School Dist. of City of N.Y.*, 71 NY2d 763, 766-767 [1988]). Accordingly, the proceeding, which was commenced in January 2006, more than four months after petitioner's receipt of the October 29, 2004 letter, was deemed time-barred to the extent it challenged the discontinuance and sought reinstatement (*see Matter of Johnson v Board of Educ. of City of N.Y.*, 291 AD2d 450 [2002]).

And, filing notice of claim does not toll the statute of limitations requiring Article 78 proceedings against public body or officer to be brought within four months after determination for review becomes final and did not renew running of such statute from date of claim presentment. McKinney's CPLR 217.

In the instant case, petitioner received her letter from Salavert, dated February 15, 2008, that reaffirmed petitioner's discontinuance, effective that day. And, petitioner acknowledges that her discontinuance occurred o or about February 15, 2008 in her Petition (¶ 32, and in her

-7-

Amended Petition ¶ 42).

As such, the instant Petition and Amended Petition must be dismissed as barred by the applicable statute of limitations.

And, to the degree that petitioner argues that respondents should be estopped for asserting the statute of limitations, that argument must fail.

A party may invoke estoppel against a government agency when a manifest injustice has resulted from actions taken in its governmental capacity. *Allen v Bd. Of Educ. of Union Free School Dist. No. 20*, 168 A.D.2d 403, 563 N.Y.S.2d 422 (2d Dep't 1990), *appeal dismissed*, 77 N.Y.2d 934 (1991). The agency's conduct must induce justifiable reliance by a party who then changed position to his or her detriment. *Branca v Bd. Of Educ., Sachem Cent. School Dist. at Holbrook*, 239 A.D.2d 494, 496, 657 N.Y.S.2d 445(2d Dep't 1997).

For a government agency to be estopped from using a statute of limitations defense, an aggrieved party must prove that the government engaged in fraud, misrepresentation, deception, or similar affirmative misconduct that party relied upon to its detriment. *Yassin v Sarabu*, 284 A.D.2d 531, 727 N.Y.S.2d 620 (2d Dep't 2001), *lv. dismissed*, 98 N.Y.2d 645, 744 N.Y.S.2d 760, 771 N.E.2d 833 (2002); *see, e.g., Academy Street Associates, Inc. v Spitzer*, 44 A.D.3d 592, 845 N.Y.S.2d 237 (1st Dep't 2007) (alleged actions of Attorney General in assuring plaintiffs' counsel the amendment to offering plan at issue would be addressed in near future did not rise to the level of affirmative wrongdoing so as to equitably estop Attorney General from asserting the statute of limitations defense).

In order to invoke estoppel to preclude the assertion of a statute of limitations defense, there must be evidence that the misrepresentation was deliberate, and here the record is devoid of

-8-

such evidence. *Yessin*, 284 A.D.2d at 531.

It is also important to note that prior to the February 2008 determination, petitioner was represented by counsel, who cannot, in good conscious, feign confusion in understanding the applicable statutes of limitations.

*Failure to State a Cause of Action*

"Unquestionably, a Board of Education, under Education Law §2573(1)(a), has the right to terminate the employment of a probationary teacher at any time and for any reason, unless the teacher establishes that the termination was for a constitutionally impermissible purpose, violative of a statute, or done in bad faith (cites omitted)." *Frasier v Board of Education*, 71 N.Y.2d 763 (1988).

Petitioner must establish that the review of the determination terminating her probationary services deprived her of a substantial right. The record show that petitioner appeared at the review with representation, that she testified and called witnesses, cross examined witnesses and, according to petitioner, established that the disciplinary charges were without merit.

As such, this court finds that the administrative review process fully comported with the requirements of the collective bargaining agreement and Section 4.3.2 and 4.3.3 of the DOE By-Laws.

Conclusion

Based on the foregoing, it is hereby

ORDERED and ADJUDGED that the application of petitioner Danielle Herbert for an order and judgment, pursuant to CPLR Article 78 (1) declaring that respondent Rosier Salavert

failed to perform a duty enjoined upon her by law and was affected by an error of law, and was arbitrary and capricious or an abuse of discretion, when on July 22, 2008, she re-affirmed an earlier decision to discontinue petitioner from her probationary appointment as Assistant Principal, such reaffirmation was unrelated to her merit and fitness and was in direct contradiction to evidence and unsupported by evidence on the record and presented at a hearing conducted on or about June 22, 2008, such reaffirmation directly disregarding evidence presented at said hearing and such determination unsupported by the record; (2) directing respondent New York City and New York City Board of Education to conduct and hold a hearing adjudged by an impartial, qualified individual within the Department of Education as to petitioner's discontinuance as Assistant Principal of the Sojourner Truth School; and (3) directing DOE to reinstate petitioner as Assistant Principal within the District, **is denied in its entirety**; and it is further

ORDERED and ADJUDGED that the cross motion of respondents to dismiss the Amended Petition on the ground that said Amended Petition is untimely, and fails to state a cause of action, **is granted and the instant Petition and Amended Petition are dismissed**; and it is further

ORDERED that counsel for respondents shall serve a copy of this Order with notice of entry within twenty days of entry on counsel for petitioner.

Dated: March 26, 2009

_Carol Robinson Edmead, J.S.C._

**UNFILED JUDGMENT**
This judgment has not been entered by the County Clerk and notice of entry cannot be served based hereon. To obtain entry, counsel or authorized representative must appear in person at the Judgment Clerk's Desk (Room 141B).